1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10
11   RODRICK C. REED,                 )   Case No. CV 10-8315-SVW (OP)
                                       )
12                      Plaintiff,     )
                                       )
                 v.                    )   MEMORANDUM AND ORDER
13                                     )   DISMISSING COMPLAINT WITH
                                       )   LEAVE TO AMEND
14   TY LABBE, et al.,                 )
                                       )
15                      Defendants.    )
                                       )
16   ─────────────────────────────    )
17                              I.
18                         **PROCEEDINGS**
19        On November 3, 2010, Rodrick C. Reed ("Plaintiff") filed a pro se Civil
20   Rights Complaint pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown
21   Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999,
22   29 L. Ed. 2d 619 (1971) ("Complaint"), after having paid the requisite filing fee.
23   (ECF No. 1.)  The named Defendants are as follows: (1) Ty Labbe, investigative
24   agent, Los Angeles County Sheriff's Department/Federal Bureau of Investigation
25   ("FBI"); (2) David Hand, FBI; (3) Carlos Quezada, investigative agent, L.A.
26   County Sheriff's Dept.; (4) John Sieder, investigative agent, Drug Enforcement
27   Administration ("DEA"); (5) Groenow, investigative agent, L.A. County Sheriff's
28   Dept.; (6) Bradley Clemmer, investigative agent, DEA; (7) Heather Thomas,

Verizon Telephone Company; (8) Verizon Telephone Company; (9) David Stinnett, intelligence analyst/investigative agent, DEA; (10) Kevin Pang, special agent, DEA; (11) Steven Woodland; (12) Charles Duncan, investigative agent, L.A. County Sheriff's Dept.; (13) Laverne Mathews, investigative agent, DEA; (14) Dennis Barpon, investigative agent, L.A. County Sheriff's Dept.; (15) Sandra Lopez, investigative agent, DEA; (16) William Tackaberry, investigative agent, L.A. County Sheriff's Dept.; (17) Phillip Marquez, investigative agent, L.A. County Sheriff's Dept.; (18) Joe Moussiauy, investigative agent, DEA; (19) John Maxwell, investigative agent, L.A. County Sheriff's Dept.; (20) Jorre Valdez, investigative agent, L.A. County Sheriff's Dept.; (21) Jeffrey Boset, investigative agent, L.A. County Sheriff's Dept.; (22) Quilnes Rodriguez, investigative agent, L.A. County Sheriff's Dept.; (23) Jerry Ortiz, investigative agent, L.A. County Sheriff's Dept.; (24) Chris Cline, investigative agent, DEA; (25) Grey Cunneis, investigative agent, DEA; (26) Tom Cielecy, investigative agent, DEA; (27) DEA, California Division; (28) FBI, California Division; (29) L.A. County Sheriff's Dept.; (30) Debra Yang, United States Attorney; (31) Jacqueline Chooljian, Assistant United States Attorney; (32) Janet Hudson, Assistant United States Attorney; (33) Office of the United States Attorney; and (34) United States of America.  All individual Defendants are being sued in their individual and official capacities.  Plaintiff seeks damages, as well as injunctive and declaratory relief.

On June 7, 2011, the federal agency and employee defendants ("Federal Defendants") filed a Motion to Dismiss the Complaint.  (ECF No. 10.)  On August 16, 2011, Plaintiff filed an Opposition to the Motion to Dismiss.  (ECF No. 27.) On August 29, 2011, Federal Defendants filed a Reply to Plaintiff's Opposition. (ECF No. 30.)

On June 6, 2011, Heather Thomas and Cellco Partnership, dba Verizon Wireless ("Verizon Defendants"), filed a Motion to Quash Plaintiff's Attempted

1  Service of Process.  (ECF No. 8.)  Plaintiff's Opposition to the Motion to Dismiss
2  also addressed the issue of defective service.  (ECF No. 27 at 7-12.)

**II.**

**PLAINTIFF'S ALLEGATIONS**

**A.    Plaintiff's Claims.**

Plaintiff's claims arise out of the issuance of wiretap orders and the
interception of telephone conversations which were used to prosecute him for
federal drug and firearm violations in this District, case number EDCR 03-84-
VAP.[1]

In Claim 1, Plaintiff alleges a statutory violation of the Wiretap Act (18
U.S.C. §§ 2510, et seq.) against Federal Defendants Sieder, Clemmer, Pang,
Cielecy, Labbe, and Hand, in addition to Defendants Verizon Wireless, Quezada,
and Duncan based on conduct that took place between February 26, 2003, and
March 28, 2003.  (Compl. ¶¶ 45-49.)

In Claim 2, Plaintiff alleges additional statutory violations of the Wiretap
Act against Federal Defendants Cielecy, Hand, Labbe, Clemmer, and Sieder, in
addition to Defendant Duncan based on conduct that took place on May 8, 2003.
(Id. ¶¶ 50-51.)

In Claim 3, although unclear, Plaintiff appears to allege a statutory violation
of the Wiretap Act and civil conspiracy against Federal Defendants Labbe, Hand,
Sieder, Clemmer, and Cielecy, in addition to Defendants Duncan, Thomas, and
Verizon Wireless based on conduct that took place between April 4, 2003, and
April 16, 2003.  (Id. ¶¶ 52-54.)

---

[1]  On July 28, 2005, Plaintiff was convicted after a jury trial.  (EDCR 03-84-
VAP ECF Nos. 1001, 1002.)  On January 17, 2006, Defendant was sentenced to
life imprisonment in the custody of the Bureau of Prisons.  (Id. ECF No. 1190.)
The Court takes judicial notice of its own records.

In Claim 4, Plaintiff alleges a statutory violation of the Wiretap Act and civil conspiracy against Federal Defendants Labbe, Hand, Sieder, Clemmer, Stinnett, Pang, Woodland, Matthews, Moussiaux, Cline, Conners, and Cielecy, in addition to Defendants Starkey, Quezada, Duncan, Groenow, Thomas, Verizon Wireless, Barpon, Tackaberry, Marquez, Maxwell, Valdez, Bosket, Rodriguez, and Ortiz based on conduct that took place between April 4, 2003, and April 16, 2003.  (Id. ¶¶ 55-57.)

In Claim 5, Plaintiff alleges statutory violations of the Wiretap Act, the Pen Register Statutes (18 U.S.C. §§ 3121, et seq.), civil conspiracy, and fraud against Federal Defendants Matthews, Labbe, Hand, and Sieder, in addition to Defendants Thomas, Verizon Wireless, and Starkey based on conduct that took place between April 4, 2003, and April 16, 2003.  (Id. ¶¶ 58-67.)

In Claim 6, Plaintiff alleges statutory violations of the Wiretap Act, the Pen Register Statutes, and civil conspiracy against Federal Defendants Labbe and Hand, in addition to Defendants Duncan, Thomas, and Verizon Wireless based on conduct that took place on or about January 24, 2003.  (Id. ¶¶ 68-74.)

In Claim 7, Plaintiff alleges violations of the First and Fourth Amendment pursuant to 42 U.S.C. § 1983 and civil conspiracy against Federal Defendants Labbe, Hand, Clemmer, Sieder, Stinnett, Pang, Woodland, Matthews, Moussiaux, Cline, Conners, and Cielecy, in addition to Defendants Duncan, Thomas, Verizon Wireless, Barpon, Tackaberry, Marquez, Maxwell, Valdez, Bosket, Rodriguez, and Ortiz.  (Id. ¶¶ 75-77.)

In Claim 8, Plaintiff alleges a Fifth Amendment due process violation pursuant to 42 U.S.C. § 1983 against Federal Defendants Yang, the United States

Attorney's Office, the United States of America, Labbe, Hand, Sieder, Clemmer, and Matthews, in addition to Defendant Duncan.  (Id. ¶¶ 78-80.)[2]

In Claim 9, Plaintiff alleges perjury and the offering of false declarations in violation of 18 U.S.C. § 1623 (a criminal statute[3]) against Federal Defendants Labbe, Hand, Sieder, Clemmer, Stinnett, Pang, Woodland, Matthews, Moussiaux, Cline, Conners, and Cielecy, in addition to Defendants Quezada, Thomas, Verizon Wireless, Starkey, Duncan, Barpon, Tackaberry, Marquez, Maxwell, Valdez, Bosket, Rodriguez, and Ortiz.  (Id. ¶¶ 81-83.)

In Claim 10, Plaintiff alleges a vague conspiracy claim pursuant to 18 U.S.C. § 241 (a criminal statute[4]) against all defendants based on conduct that took place between April 4, 2003, and April 16, 2003, and in July 2005.  (Id. ¶¶ 84-86.)

In Claim 11, alleges a vague claim of deprivation of rights pursuant to 18 U.S.C. § 242 (a criminal statute[5]) against all defendants based on conduct that took place between April 4, 2003, and April 16, 2003, and in July 2005.  (Id. ¶¶ 87-89.)

---

[2]  The Court notes that Plaintiff erroneously labeled paragraph 78 as paragraph 76.  In addition, Plaintiff has omitted a paragraph 79.

[3]  There is no private right of action or basis for a civil suit based on violations of criminal statutes.  See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (affirming dismissal of claims under 18 U.S.C. §§ 241 and 242 as criminal statutes not giving rise to civil liability); Peabody v. United States, 394 F.2d 175, 177 (9th Cir. 1968).

[4]  There is no private right of action or basis for a civil suit based on violations of criminal statutes.  See Allen, 464 F.3d at 1048; Peabody, 394 F.2d at 177.

[5]  There is no private right of action or basis for a civil suit based on violations of criminal statutes.  See Allen, 464 F.3d at 1048; Peabody, 394 F.2d at 177.

1        In Claim 12, Plaintiff alleges unlawful interception of telephone

2   conversations pursuant to 18 U.S.C. § 306, 902, 903, 3004[6] against Federal

3   Defendants Labbe, Hand, Sieder, Clemmer, Stinnett, Pang, Woodland, Moussiaux,

4   Cline, and Conners, in addition to Defendants Quezada, Groenow, Thomas,

5   Verizon Wireless, Starkey, Duncan, Barpon, Tackaberry, Marquez, Maxwell,

6   Valdez, Bosket, Rodriguez, and Ortiz based on conduct that took place between

7   April 4, 2003, and April 16, 2003.  (Id. ¶¶ 92-93.)

8        In Claim 13, Plaintiff alleges a violation of his common law right to privacy

9   against all Defendants.  (Id. ¶ 94.)

10        In Claim 14, Plaintiff alleges a common law claim of abuse of process

11   against all Defendants.  (Id. ¶¶ 95-96.)

12        In Claim 15, Plaintiff alleges a common law conspiracy against all

13   Defendants.  (Id. ¶ 97.)

14   **B.   Factual Background.**

15        The crux of Plaintiff's allegations is that Defendants used wiretap orders

16   issued by a district judge of this Court to unlawfully intercept telephone

17   conversations not covered by the orders.  Plaintiff further alleges that law

18   enforcement personnel provided faulty affidavits in seeking the wiretap orders,

19   disregarded the "rules en[]umerated in the Court Orders and Supervising

20   Attorney's Memorandum," failed to preserve wiretap data and destroyed evidence

21   of their wrongdoings, and offered misleading testimony at Plaintiff's criminal trial

22   regarding the wiretaps and evidence thereof.

23        Before his criminal trial, Plaintiff filed two motions to suppress the wiretap

24   evidence, asserting similar arguments he raises in the current Complaint.  After

25   hearings before the trial court, the motions were denied.  United States v. Reed,

26

27       [6] Sections 306, 902, and 903 do not exist in the United States Code and

28   section 3004 is entitled "Decorum in the court room."

6

1    575 F.3d 900, 907 (9th Cir. 2009).  On appeal of his conviction, Plaintiff again

2    challenged the wiretap evidence, but his claims failed.  The Ninth Circuit held as

3    follows:  (1) the Government's wiretap application satisfied the necessity

4    requirement; (2) the district court did not err in finding that the Government had

5    not intercepted telephone calls on a line for which there was no court order; (3) the

6    Government was not required to seal call data content, and it timely sealed the

7    wiretap recordings under 18 U.S.C. § 2518(8); and (4) the Government did not

8    violate the statutory wiretap monitoring requirements of 18 U.S.C. § 2518(5).  <u>Id.</u>

9    at 904-05, 908-19.

10   **C.    <u>Motion to Dismiss Pursuant to Rule 12 (b)(6).</u>**

11          Federal Defendants move to dismiss the Complaint pursuant to Rules 4(m),

12   12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure on the

13   following grounds:  (1) the Court lacks subject matter jurisdiction over any

14   constitutional tort claims against Federal Defendants because the United States has

15   not waived its sovereign immunity; (2) the Court lacks subject matter jurisdiction

16   over any claims under the Federal Tort Claims Act because Plaintiff failed to

17   exhaust administrative remedies; (3) the United States of America is the only

18   proper defendant under the Federal Tort Claims Act; (4) Plaintiff's <u>Bivens</u> claims

19   against the federal prosecutors are barred by prosecutorial immunity; (5) Plaintiff

20   has not properly pled a <u>Bivens</u> claim; (6) Federal Defendants are entitled to

21   qualified immunity against Plaintiff's <u>Bivens</u> claims; (7) the entire action is <u>Heck</u>-

22   barred;[7] and (8) Plaintiff has not properly effected service of the Complaint on any

23   federal defendant.  (ECF No. 10 at 1-2.)[8]

24

25        [7] <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383

26   (1994).

27        [8] Federal Defendants also listed the statute of limitations under the Federal

28                                                          (continued...)

1   Defendants Heather Thomas and Verizon Wireless have also move to quash

2   Plaintiff's attempted service of process.  (ECF No. 8.)

3                                      **III.**

4                          **STANDARD OF REVIEW**

5           Complaints such as Plaintiff's are subject to the court's sua sponte review

6   under provisions of the Prison Litigation Reform Act of 1995 ("PLRA").  See 28

7   U.S.C. § 1915A(a).  The court shall dismiss such a complaint, at any time, if the

8   court finds that it (1) is frivolous or malicious, (2) fails to state a claim on which

9   relief may be granted, or (3) seeks monetary relief from a defendant immune from

10  such relief.  See Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en

11  banc); 28 U.S.C. § 1915A(b) (prisoner complaints against government

12  defendants).[9]

13

_____

14      [8](...continued)

15  Tort Claims Act as a grounds for dismissal but does not include argument to this

16  effect in the motion.  As a result, it is unclear whether Federal Defendants

17  intended to raise this ground in the motion to dismiss.  Thus, the Court does not
    consider this issue.

18

19      [9]  Initial screening of complaints is covered by overlapping provisions of the

20  PLRA.  Lopez, 203 F.3d at 1126-27 & n.7.  Screening of complaints by plaintiffs
    (prisoner or non-prisoner) who seek to proceed in forma pauperis is governed by

21  28 U.S.C. § 1915(e)(2).  Lopez, 203 F.3d at 1126-27 & n.7; Calhoun v. Stahl, 254

22  F.3d 845, 845 (9th Cir. 2001) (per curiam) (§ 1915 applies to all applicants for in
    forma pauperis status, prisoner or non-prisoner).  Under 28 U.S.C. § 1915A, courts

23  are directed to review, as soon as practicable, "a complaint in a civil action in

24  which a prisoner seeks redress from a governmental entity or officer or employee
    of a governmental entity."  28 U.S.C. § 1915A(a).  Thus, § 1915A screening

25  applies to prisoner complaints even if the filing fee has been paid in full.  See, e.g.,

26  Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (§ 1915 governs proceedings in

27  forma pauperis and § 1915A applies to civil complaints by prisoners against
    governmental defendants regardless of whether the prisoner has paid a filing fee);

28                                                                  (continued...)

1    PLRA review for failure to state a claim applies the same standard applied

2  in reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of

3  the Federal Rules of Civil Procedure.  See Barren v. Harrington, 152 F.3d 1193,

4  1194 (9th Cir. 1998).  A Rule 12(b)(6) motion tests the formal sufficiency of a

5  statement of claim for relief.  A complaint may be dismissed as a matter of law for

6  failure to state a claim for two reasons:  (1) lack of a cognizable legal theory; or

7  (2) insufficient facts alleged under a cognizable legal theory.  Balistreri v. Pacifica

8  Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  A plaintiff's allegations of

9  material fact must be taken as true and construed in the light most favorable to the

10  plaintiff.  See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Since

11  Plaintiff is appearing pro se, the Court must construe the allegations of the

12  complaint liberally and must afford Plaintiff the benefit of any doubt.  See Karim-

13  Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).

14    Under Rule 8(a)(2) of the Federal Rule of Civil Procedure, a complaint must

15  contain a "short and plain statement of the claim showing that the pleader is

16  entitled to relief."  The Supreme Court has explained the pleading requirements of

17  Rule 8(a)(2) and the requirements for surviving a Rule 12(b)(6) motion to dismiss.

18  See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009);

19  Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per

20

21

_____

22    [9](...continued)

23  Muhammad v. Ortiz, No. F 04-5534-AWI-WMW-P, 2006 WL 845640, at *11 &

24  n.2 (E.D. Cal. March 30, 2006) (§ 1915A screening applies even if prisoner
    plaintiff paid full filing fee); Hernandez v. Terhune, No. C 00-0848-WHA(PR),

25  2000 WL 1847645, at *1 (N.D. Cal. Dec.12, 2000) (Second, Fifth, Sixth, Seventh,

26  and Tenth Circuits have all found that § 1915A applied "even if the prisoner is not
    proceeding in forma pauperis" ).  A third provision governs screening of prisoner

27  complaints about prison conditions not restricted to in forma pauperis actions.  See

28  42 U.S.C. § 1997e(c); Lopez, 203 F.3d at 1126 n.7.

1  curiam); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d
2  929 (2007); <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962 (9th Cir. 2009).

3       With respect to a plaintiff's pleading burden, the Supreme Court held that
4  while a complaint does not need detailed factual allegations, "a plaintiff's
5  obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more
6  than labels and conclusions, and a formulaic recitation of the elements of a cause
7  of action will not do.  Factual allegations must be enough to raise a right to relief
8  above the speculative level on the assumption that all the allegations in the
9  complaint are true (even if doubtful in fact)."  <u>Bell Atl.</u>, 550 U.S. at 553-56
10 (citations and footnote omitted), <u>abrogating</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46,
11 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (dismissal under Rule 12(b)(6) is appropriate
12 "only if it is clear that no relief could be granted under any set of facts that could
13 be proved consistent with the allegations."); <u>see also</u> <u>Iqbal</u>, 129 S. Ct. at 1949;
14 <u>Erickson</u>, 551 U.S. at 93; <u>Moss</u>, 572 F.3d at 968.

15      In order to comply with the requirements of Rule 8(a)(2) and survive a
16 motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient
17 factual matter, accepted as true, to 'state a claim to relief that is plausible on its
18 face.'"  <u>Iqbal</u>, 129 S. Ct. at 1949 (quoting <u>Bell Atl.</u>, 550 U.S. at 570).  "A claim
19 has facial plausibility when the plaintiff pleads factual content that allows the
20 court to draw the reasonable inference that the defendant is liable for the
21 misconduct alleged."  <u>Id.</u> (citing <u>Bell Atl.</u>, 550 U.S. at 556).  This plausibility
22 standard is not a probability requirement, but does ask for more than mere
23 possibility; if a complaint pleads facts "merely consistent with" a theory of
24 liability, it falls short of "the line between possibility and plausibility."  <u>Id.</u>
25 (quoting <u>Bell Atl.</u>, 550 U.S. at 557).

26      The Supreme Court has set out a two-pronged approach for reviewing a
27 possible failure to state a claim.  <u>Id.</u> at 1949-50; <u>see also</u> <u>Moss</u>, 572 F.3d at 969-
28 70.  First, the reviewing court may identify those statements in a complaint that are

10

1   actually conclusions, even if presented as factual allegations.  Id.  Such conclusory
2   statements (unlike proper factual allegations) are not entitled to a presumption of
3   truth.  Id.  In this context it is the conclusory nature of the statements (rather than
4   any fanciful or nonsensical nature) "that disentitles them to the presumption of
5   truth."  Id. at 1951.  Second, the reviewing court presumes the truth of any
6   remaining "well-pleaded factual allegations," and determines whether these factual
7   allegations and reasonable inferences from them plausibly support a claim for
8   relief.  Id. at 1950; see also Moss, 572 F.3d at 969-70.

9        The Court is not concerned at this stage with "whether a plaintiff will
10  ultimately prevail" but with whether he is entitled to offer evidence to support his
11  claims.  See Mohamed v. Jeppesen Dataplan, Inc., 579 F.3d 943, 960 (9th Cir.
12  2009) (citing Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d
13  90 (1974)).  However, a complaint consisting of unintelligible, narrative ramblings
14  fails to state a claim for relief.  See McHenry v. Renne, 84 F.3d 1172, 1176-79
15  (9th Cir. 1996); see also Awala v. Roberts, No. 07-0179 JSW (PR), 2007 WL
16  174404, at *1 (N.D. Cal. Jan. 22, 2007); Fed. R. Civ. P. 8(a)(1), (2), (d)(1).

17       Although the scope of review generally is limited to the contents of the
18  complaint, the Court may also consider exhibits submitted with the complaint, Hal
19  Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th
20  Cir. 1990), and "take judicial notice of matters of public record outside the
21  pleadings," Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988).
22  Exhibits that contradict the allegations of a complaint may fatally undermine those
23  allegations.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001),
24  amended by 275 F.3d 1187 (2001) (a plaintiff can "plead himself out of a claim by
25  including . . . details contrary to his claims.").

26       If the court finds that a complaint should be dismissed for failure to state a
27  claim, the court may dismiss with or without leave to amend.  Lopez, 203 F.3d at
28  1126-30.  Leave to amend should be granted if it appears that defects can be

11

1  corrected, especially if the plaintiff is pro se.  Id. at 1130-31; see also Cato v.

2  United States, 70 F.3d 1103, 1106 (9th Cir. 1995).  If, however, after careful

3  consideration, it is clear that a complaint cannot be cured by amendment, the court

4  may dismiss without leave to amend.  Cato, 70 F.3d at 1107-11.

### IV.

### DISCUSSION

**A.    The Complaint Is Subject to Dismissal for Failure to State a *Bivens* Claim Against Federal Defendants in Their Official Capacities.**

9         In Claims 7 and 8, Plaintiff alleges violations of the First, Fourth, and Fifth

10  Amendments against Federal Defendants Labbe, Hand, Clemmer, Sieder, Stinnett,

11  Pang, Woodland, Matthews, Moussiaux, Cline, Conners, Yang, Chooljian,

12  Hudson, the United States Attorney's Office, and the United States of America.

13  (Compl. ¶¶ 75-80.)  All Defendants are being sued in their individual and official

14  capacities.  (Id. ¶¶ 6-40.)  Plaintiff seeks damages, as well as injunctive and

15  declaratory relief.

16         The United States, its agencies, and its employees in their official capacities

17  are absolutely immune from suit on constitutional claims for damages.  See, e.g.,

18  Pereira v. U.S. Postal Service, 964 F.2d 873, 876-77 (9th Cir. 1992); Daly-Murphy

19  v. Winston, 837 F.2d 348, 355-56 (9th Cir. 1987); see also FDIC v. Meyer, 510

20  U.S. 471, 486-87, 114 S. Ct. 966, 127 L. Ed. 2d 308 (1994).  Bivens does not

21  permit suits against the government or its agencies for monetary relief.  Cato v.

22  United States, 70 F.3d 1103, 1110-11 (9th Cir. 1995).  Thus, to the extent Plaintiff

23  is seeking damages against Federal Defendants in their official capacities, the

24  Complaint is subject to dismissal as to Claims 7 and 8 for failure to state a claim

25  for relief.

26  / / /

27  / / /

28  / / /

**B.**     **The Complaint Is Subject to Dismissal based on Prosecutorial**
          **Immunity.**

In Claim 8, Plaintiff alleges a violation of the Fifth Amendment against Federal Defendants Yang, Chooljian, Hudson, the United States Attorney's Office, and the United States of America based on their involvement in Plaintiff's criminal prosecution.  (Compl. ¶¶ 75-80.)

Prosecutorial immunity protects eligible government officials who perform functions "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976); see also Buckley v. Fitzsimmons, 509 U.S. 259, 269-70, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993).  "Such immunity applies even if it leaves the genuinely wronged [plaintiff] without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty."  Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (internal quotations omitted).  A prosecutor is protected by absolute immunity for any actions "if the prosecutor acts within the scope of his or her authority and in a quasi-judicial capacity."  Ybarra v. Reno Thunderbird Mobile Home Vill., 723 F.2d 675, 678 (9th Cir. 1984).

Because Defendants' actions related to the criminal prosecution of Plaintiff, they were acting within the scope of their authority and in a quasi-judicial capacity.  As a result, they are shielded from liability on Plaintiff's constitutional claims based on prosecutorial immunity.  Thus, the Complaint is subject to dismissal as to Claim 8 for failure to state a claim for relief.

**C.**     **The Complaint Is Subject to Dismissal Pursuant to _Heck v. Humphrey_.**

In Claims 7 and 8, Plaintiff alleges violations of the First, Fourth, and Fifth Amendments against Federal Defendants Labbe, Hand, Clemmer, Sieder, Stinnett, Pang, Woodland, Matthews, Moussiaux, Cline, Conners, Yang, Chooljian, Hudson, the United States Attorney's Office, and the United States of America. (Compl. ¶¶ 75-80.)  Claims 7 and 8 also allege the same constitutional violations

1   against County Defendants Duncan, Thomas, Barpon, Tackaberry, Marquez,

2   Maxwell, Valdez, Bosket, Rodriguez, and Ortiz.  (Id. ¶¶ 75-77.)  Plaintiff seeks

3   damages, as well as injunctive and declaratory relief.

4   　　　In Heck, the Supreme Court held that, "in order to recover damages for an

5   allegedly unlawful conviction or imprisonment, or for other harm caused by

6   actions whose unlawfulness would render a conviction or sentence invalid, a §

7   1983 plaintiff must prove that the conviction or sentence has been reversed on

8   direct appeal, expunged by executive order, declared invalid by a state tribunal

9   authorized to make such determination, or called into question by a federal court's

10  issuance of a writ of habeas corpus."[10]  Heck, 512 U.S. at 486-87.

11  　　　Under Heck, if a judgment in favor of a plaintiff on his civil rights damages

12  claims necessarily will imply the invalidity of his conviction or sentence, the

13  complaint must be dismissed unless the plaintiff can demonstrate that the

14  conviction or sentence has already been invalidated.  See id. at 487.  The Ninth

15  Circuit has held that Heck also applies to a § 1983 claim for illegal search and

16  seizure, and that such a § 1983 claim "alleging illegal search and seizure of

17  evidence upon which criminal charges are based does not accrue until the criminal

18  charges have been dismissed or the conviction has been overturned."  Harvey v.

19  Waldron, 210 F.3d 1008, 1015 (9th Cir. 2000) overruled on other grounds by

20  Wallace v. Kato, 549 U.S. 384, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007), as

21  stated in Kucharski v. Leveille, 526 F. Supp. 2d 768, 774 (E.D. Mich. 2007). .

22  　　　Here, Claims 7 and 8 are premised on Plaintiff's allegations that law

23  enforcement unlawfully obtained wiretap evidence that was used to criminally

24  prosecute him.  Plaintiff appealed his conviction, raising the very same arguments

25

26  _____

27  　　　[10]  Although Heck dealt with state prisoners seeking damages pursuant to 42
    U.S.C. § 1983, the Heck doctrine applies equally to Bivens actions.  Martin v.

28  Sias, 88 F.3d 774, 775 (9th Cir. 1996).

1    about the wiretap evidence at issue here but was unsuccessful.  Reed, 575 F.3d at

2    908-19.  Further, on January 21, 2011, Plaintiff filed a Motion to Vacate, Set

3    Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  (EDCR 03-84-VAP,

4    ECF No. 1592; EDCV11-145-VAP, ECF No. 1.)  On March 15, 2012, an Order

5    and Judgment were entered denying the motion and dismissing the action with

6    prejudice.  (EDCR 03-84-VAP, ECF Nos. 1686, 1687; EDCV11-145-VAP, ECF

7    Nos. 25, 26.)  Since a judgment in Plaintiff's favor "necessarily will imply the

8    invalidity of his conviction or sentence" and that conviction has not been

9    "reversed on direct appeal, expunged by executive order, declared invalid by a

10   state tribunal authorized to make such determination, or called into question by a

11   federal court's issuance of a writ of habeas corpus," the Court finds that Plaintiff's

12   constitutional claims are Heck-barred.  Thus, the Complaint is subject to dismissal

13   as to Claims 7 and 8 for failure to state a claim for relief.

14   **D.    The Complaint Is Subject to Dismissal Based on Witness Immunity.**

15         In Claim 9, Plaintiff alleges perjury and the offering of false declarations in

16   violation of 18 U.S.C. § 1623 against Federal Defendants Labbe, Hand, Sieder,

17   Clemmer, Stinnett, Pang, Starkey, Moussiaux, Cline, Conners, and Cielecy.

18   (Compl. ¶ 81.)

19         As set forth above, 18 U.S.C. § 1623 is a criminal statute.  However, there is

20   no private right of action or basis for a civil suit based on violations of criminal

21   statutes.  See Allen, 464 F.3d at 1048; Peabody, 394 F.2d at 177.  As a result,

22   Plaintiff fails to state a claim for relief.

23         Moreover, "[w]itnesses, including police witnesses, are immune from

24   liability for their testimony in earlier proceedings even if they committed perjury."

25   Paine v. City of Lompoc, 265 F.3d 975, 981 (9th Cir. 2001) (citing Briscoe v.

26   LaHue, 460 U.S. 325, 345, 103 S. Ct. 1108, 75 L. Ed. 2d 96 (1983)).  Witness

27   immunity also extends to conspiracies to commit perjury.  Id. at 981 (citing

28   Franklin v. Terr, 201 F.3d 1098, 1101 (9th Cir. 2000)); see also Burns v. Cnty. of

15

1  <u>King</u>, 883 F.2d 819, 821 (9th Cir. 1989) (witnesses are absolutely immune from
2  suits for damages under 42 U.S.C. § 1983 for testimony given at trial, or for
3  testimony given during adversarial pretrial proceedings); <u>Demoran v. Witt</u>, 781
4  F.2d 155, 157-58 (9th Cir. 1986).  Thus, to the extent Plaintiff is attempting to
5  state a constitutional claim against Federal Defendants based on testimony before
6  the grand jury or at trial, Plaintiff fails to state claim for relief.

7  Based on the foregoing, the Court finds that the Complaint is subject to
8  dismissal as to Claim 9 for failure to state a claim for relief.

9  **E.    The Complaint Is Subject to Dismissal for Failure to State a Claim for a**
10  **Violation Under the Federal Wiretap Act.**

11  In Claims 1 through 6, Plaintiff alleges statutory violations of the Wiretap
12  Act (18 U.S.C. §§ 2510, et seq.) against Federal Defendants Sieder, Clemmer,
13  Pang, Cielecy, Labbe, Hand, Stinnett, Woodland, Matthews, Moussiaux, Cline,
14  Conners, Defendants Verizon Wireless and Thomas, and County Defendants
15  Starkey, Quezada, Duncan, Groenow, Barpon, Tackaberry, Marquez, Maxwell,
16  Valdez, Bosket, Rodriguez, and Ortiz.  (Compl. ¶¶ 45-74.)

17  The relevant portion of the Wiretap Act, 18 U.S.C. § 2520, provides in
18  pertinent part that:

19  In general.--Except as provided in section 2511(2)(a)(ii), any person
20  whose wire, oral, or electronic communication is intercepted, disclosed,
21  or intentionally used in violation of this chapter may in a civil action
22  recover from the person or entity, other than the United States, which
23  engaged in that violation such relief as may be appropriate.

24  18 U.S.C. § 2520(a).

25  However, it is "a complete defense against any civil or criminal action"
26  brought under this chapter or any other law if the defendant had a good faith
27  reliance on: (1) a court warrant or order, a grand jury subpoena, a legislative
28  authorization, or a statutory authorization; (2) a request of an investigative or law

16

1  enforcement officer under section 2518(7) of this title; or (3) a good faith

2  determination that section 2511(3) or 2511(2)(i) of this title permitted the conduct

3  complained of.  18 U.S.C. § 2520(d).

4        As set forth above, before his criminal trial, Plaintiff filed two motions to

5  suppress the wiretap evidence, asserting similar arguments he raises in the current

6  Complaint.  After hearings before the trial court, the motions were denied.  Reed,

7  575 F.3d at 907.  On appeal, Plaintiff again challenged the wiretap evidence, but

8  his claims failed.  The Ninth Circuit found as follows: (1) the wiretap application

9  satisfied the necessity requirement; (2) the district court did not err in finding that

10  the Government had not intercepted telephone calls on a line for which there was

11  no court order; (3) the Government was not required to seal call data content, and

12  it timely sealed the wiretap recordings under 18 U.S.C. § 2518(8); and (4) the

13  Government did not violate the statutory wiretap monitoring requirements of 18

14  U.S.C. § 2518(5).  Id. at 904-05, 908-19.  Accordingly, it appears that 18 U.S.C. §

15  2520(d) would provide Federal Defendants a complete defense to Plaintiff claims

16  based on alleged violations of the Wiretap Act.  Thus, the Court finds that the

17  Complaint is subject to dismissal as to Claims 1 through 6 for failure to state a

18  claim for relief.

19  **F.    The Complaint Is Subject to Dismissal for Failure to State a Claim for a**

20  **Violation of Criminal Statutes.**

21        In Claims 10 through 12, Plaintiff alleges violations of 18 U.S.C. §§ 241,

22  242, 306, 902, 903, 3004 against all Defendants based on conduct that took place

23  between April 4, 2003, and April 16, 2003.  (Compl. ¶¶ 84-93.)

24        As set forth above, 18 U.S.C. §§ 241 and 242 are criminal statutes.

25  However, there is no private right of action or basis for a civil suit based on

26  violations of criminal statutes.  See Allen, 464 F.3d at 1048; Peabody, 394 F.2d at

27  177.  Further, 18 U.S.C. §§ 306, 902, and 903 do not exist in the United States

28  Code, and § 3004 is entitled "Decorum in the court room" and has nothing to do

17

1  with any of the allegations contained in the Complaint.  Thus, the Court finds that

2  the Complaint is subject to dismissal as to Claims 10 through 12 for failure to state

3  a claim for relief.

4  **G.**     **The Complaint Is Subject to Dismissal for Failure to State FTCA**

5          **Claims Against Any Individual Federal Defendants.**

6          In Claims 13 through 15, Plaintiff alleges a violation of his common law

7  right to privacy, abuse of process, and civil conspiracy against all Defendants.

8  (Compl. ¶¶ 94-97.)

9          Although unclear, it appears that Plaintiff is attempting to allege common

10  law tort claims under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80

11  ("FTCA").  However, the United States is the only proper defendant in cases

12  alleging tortious conduct by a United States agency or employee in the scope of

13  his employment.  FDIC v. Craft, 157 F.3d 697, 706 (9th Cir. 1998); Kennedy v.

14  U.S. Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998).  The FTCA provides the

15  "exclusive remedy for tortious conduct by the United States, and it only allows

16  claims against the United States . . . an agency itself [or a federal employee]

17  cannot be sued under the FTCA."  Craft, 157 F.3d at 706 (citations omitted); see

18  also United States v. Smith, 499 U.S. 160, 163, 111 S. Ct. 1180, 113 L. Ed. 2d 134

19  (1991) (the FTCA "establishes . . .  absolute immunity for Government employees

20  . . . by making an FTCA action against the Government the exclusive remedy for

21  torts committed by Government employees in the scope of their employment.").

22  Thus, to the extent Plaintiff is seeking damages against Federal agency and

23  individual Federal Defendants for tortious conduct, the Court finds that the

24  Complaint is subject to dismissal as to Claims 13 through 15 for failure to state a

25  claim for relief.

26  **H.**     **Qualified Immunity.**

27          Federal Defendants have also raised the issue of qualified immunity in their

28  motion to dismiss.  (Mot. to Dismiss at 10-13.)  However, qualified immunity is a

18

1  fact specific inquiry.  See Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 150

2  L. Ed. 2d 272 (2001).  The Court finds that such a fact intensive determination is

3  inappropriate at this stage of the proceedings.  See Groten v. California, 251 F.3d

4  844, 851 (9th Cir. 2001) ("[A] Rule 12(b)(6) dismissal is not appropriate unless

5  we can determine, based on the complaint itself, that qualified immunity

6  applies."); Jensen v. City of Oxnard, 145 F.3d 1078, 1085-87 (9th Cir.1998)).

7  Thus, the Court declines to address the merits of this issue.

**V.**

**ORDER**

10      Based on the foregoing, the Court dismisses the Complaint with leave to

11  amend.  Cato, 70 F.3d at 1105-06.  The Court further denies the pending Motion to

12  Dismiss (ECF No. 10) and Motion to Quash (ECF No. 8) as moot.  While it is

13  highly doubtful that Plaintiff will be able to cure the deficiencies discussed above,

14  the Court will nevertheless allow him the opportunity to do so.

15      If Plaintiff still wishes to pursue this action, he shall have thirty (30) days

16  from the date of this Order within which to file a First Amended Complaint

17  ("FAC"), attempting to cure the defects in the Complaint.  The FAC shall be

18  complete in itself and must remedy the deficiencies discussed.  Plaintiff may not

19  use "et al." in the caption but must name each defendant against whom claims are

20  stated.  Furthermore, Plaintiff must use the blank Central District Civil Rights

21  Complaint form accompanying this order, must sign and date the form, must

22  completely and accurately fill out the form, and must use the space provided in the

23  form to set forth all of the claims that he wishes to assert in his FAC.  The FAC

24  shall not refer to the prior Complaint.

25      Failure to comply with these requirements may result in the dismissal of this

26  action for failure to prosecute and/or failure to comply with a court order.  Failure

27  to remedy the deficiencies discussed may also result in a recommendation that the

28  action be dismissed.

The Clerk is directed to provide Plaintiff with a blank Central District civil rights complaint form.

**IT IS SO ORDERED.**

DATED: October 22, 2012

HONORABLE OSWALD PARADA
United States Magistrate Judge

20

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### INSTRUCTIONS FOR FILING A CIVIL RIGHTS COMPLAINT BY A PRISONER - GENERAL INSTRUCTIONS

This package includes the following documents:

   4 copies - complaint form
   4 copies - declaration to proceed without prepayment of filing fees

In order for your complaint to be filed, you must submit the original and two copies of **both** the complaint and declaration to the Clerk. The remaining copy of each is for you to keep for your records. Your complaint must be typewritten or legibly handwritten in ink. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space to answer a question, you must use the reverse side of the form or an additional blank page. You must file a separate complaint for each claim unless they are all related to the same incident or issue. You are required to allege facts; not legal arguments or authorities.

## FILING FEES

### Payment of filing fee required

In accordance with 1996 amendments to the <u>in forma pauperis</u> statute, 28 U.S.C. § 1915, as a prisoner you will be obligated to pay the full filing fee of $350 for a civil action regardless of your forma pauperis status and the disposition of the case. If you have the money to pay the filing fee, you should submit a cashier's check, certified bank check, business or corporate check, government issued check, or money order drawn on a major America bank or the United States Postal Service, payable to the *Clerk of Court* and mail it with your complaint to the address listed on the reverse side of these instructions. The Clerks' Office will also accept credit cards (Mastercard/Visa, Discover, American Express) for filing fees and miscellaneous fees. Credit card payments may be made at all payment windows where receipts are issued.

### Request to pay filing fee in monthly installments

If you do not have the money to pay the full filing fee, you must complete the Request to Proceed Without Prepayment of Filing Fees with Declaration in Support. The Declaration must be returned to the Court with your complaint. **NOTE: You must have a prison or jail official complete the Certification Section on the Declaration and attach to the Declaration a certified copy of your prison or jail trust account statement for the six months immediately preceding the filing of the complaint. If you submit an incomplete Declaration or do not submit a prison or jail trust account statement with the Declaration, your request to proceed without prepayment of the filing fees may be denied.**

### Initial partial filing fee assessment

If your request to proceed without prepayment of filing fees is granted, the Court will assess an initial partial filing fee at the time your action is filed. The initial partial filing fee will be equal to 20% of the average monthly deposits to your prison or jail account for the six months immediately preceding the filing of the action, or 20% of the average monthly balance in your prison or jail account for that same six month period, whichever is greater. The Court will order the agency that has custody of you to take that initial partial filing fee out of your prison or jail account as soon as funds are available and forward the money to the Clerk of Court.

### Collection of balance of filing fee

After the initial partial filing fee has been paid, you will owe the balance of the filing fee. Until the amount of the filing fee is paid in full, each month you will owe 20% of your preceding month's income toward the balance. The agency that has custody of you will collect that money and send payments to the Clerk of Court any time the amount in your account exceeds $10.00.

**INSTRUCTIONS FOR FILING A CIVIL RIGHTS COMPLAINT BY A PRISONER - GENERAL INSTRUCTIONS**

CV-66A (07/06)                               PAGE 1 of 2

## DISMISSAL OF THE COMPLAINT

Regardless of whether some or all of the filing fee has been paid, the Court is required to screen your complaint and to dismiss the complaint if: 1) your allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) your complaint does not state a claim on which relief can be granted; or 4) you sue a defendant for money damages and that defendant is immune from liability for money damages.

If you file more than three actions or appeals while you are a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, you will be prohibited from bringing any other actions <u>in forma pauperis</u> unless you are in imminent danger of serious physical injury.  **NOTE:  You are required under penalties of perjury to provide accurate information regarding previous filings.  Failure to provide this information may result in the immediate dismissal of your complaint.**

## JURISDICTION

To determine whether jurisdiction and venue are proper in this Court:

- **AGAINST FEDERAL DEFENDANTS**, please refer to 28 U.S.C. § 1391(e)  and  <u>Bivens v.  Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388, 397 (1971);

- **AGAINST NON-FEDERAL DEFENDANTS**, please refer to 28 U.S.C. §1391(b) for claims brought pursuant to 42 U.S.C. § 1983.

## SERVICE OF THE COMPLAINT

If your request to proceed without prepayment of the filing fees is approved, the Court will determine whether the United States Marshal should serve the defendant(s) on your behalf.

## INQUIRIES AND COPYING REQUESTS

Because of the large volume of cases filed by prisoners in this Court and limited court resources, the Court and Clerk's Office will not answer inquires concerning the status of your case or provide copies of documents, except at a charge of fifty cents ($0.50) per page.  You must therefore keep copies of all documents submitted to the court for your own records.

## TO MAIL THE COMPLAINT

Mail the <u>original and the two copies</u> of the following completed documents to the address below: complaint and declaration to proceed without prepayment of filing fees (if applicable):

United States District Court
Central District of California
312 North Spring Street, Room G-8
Los Angeles, California  90012

ATTENTION: PRO SE CLERK

Telephone:  (213) 894-7984

_____
FULL NAME

_____
COMMITTED NAME (if different)

_____
FULL ADDRESS INCLUDING NAME OF INSTITUTION

_____

_____
PRISON NUMBER (if applicable)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PLAINTIFF, | CASE NUMBER  CV10-8315-SVW(OP) |
| v. | *To be supplied by the Clerk* |
|  | FIRST AMENDED |
| DEFENDANT(S). | **CIVIL RIGHTS COMPLAINT** **PURSUANT TO** *(Check one)* |
|  | ☐ 42 U.S.C. § 1983 |
|  | ☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971) |

## A. PREVIOUS LAWSUITS

1.  Have you brought any other lawsuits in a federal court while a prisoner:  ☐ Yes   ☐ No

2.  If your answer to "1." is yes, how many? _____

    Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

**CIVIL RIGHTS COMPLAINT**

a. Parties to this previous lawsuit:
   Plaintiff _____

   _____

   Defendants _____

   _____

b. Court _____

   _____

c. Docket or case number _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example:  Was the case dismissed?  If so, what was the basis for dismissal?  Was it

   appealed?  Is it still pending?) _____

f. Issues raised: _____

   _____

   _____

g. Approximate date of filing lawsuit: _____

h. Approximate date of disposition _____

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint
   occurred?  ☐ Yes    ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint?  ☐ Yes    ☐ No

   If your answer is no, explain why not _____

   _____

   _____

3. Is the grievance procedure completed?  ☐ Yes    ☐ No

   If your answer is no, explain why not _____

   _____

4. Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff _____
                                                           (print plaintiff's name)

who presently resides at _____ ,
                                          (mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____
                    (institution/city where violation occurred)

on (date or dates) _____, _____, _____.
　　　　　　　　　　　　(Claim I)　　　　　　　(Claim II)　　　　　　(Claim III)

**NOTE**:　　You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.　Defendant _____ resides or works at
　　　　　　　(full name of first defendant)

　　　　　　　_____
　　　　　　　(full address of first defendant)

　　　　　　　_____
　　　　　　　(defendant's position and title, if any)

　　The defendant is sued in his/her (Check one or both):　☐ individual　☐ official capacity.

　　Explain how this defendant was acting under color of law:

　　_____
　　_____

2.　Defendant _____ resides or works at
　　　　　　　(full name of first defendant)

　　　　　　　_____
　　　　　　　(full address of first defendant)

　　　　　　　_____
　　　　　　　(defendant's position and title, if any)

　　The defendant is sued in his/her (Check one or both):　☐ individual　☐ official capacity.

　　Explain how this defendant was acting under color of law:

　　_____
　　_____

3.　Defendant _____ resides or works at
　　　　　　　(full name of first defendant)

　　　　　　　_____
　　　　　　　(full address of first defendant)

　　　　　　　_____
　　　　　　　(defendant's position and title, if any)

　　The defendant is sued in his/her (Check one or both):　☐ individual　☐ official capacity.

　　Explain how this defendant was acting under color of law:

　　_____
　　_____

---

4.   Defendant _____ resides or works at
     (full name of first defendant)

     _____
     (full address of first defendant)

     _____
     (defendant's position and title, if any)

     The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

     Explain how this defendant was acting under color of law:

     _____

     _____

5.   Defendant _____ resides or works at
     (full name of first defendant)

     _____
     (full address of first defendant)

     _____
     (defendant's position and title, if any)

     The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

     Explain how this defendant was acting under color of law:

     _____

     _____

**D. CLAIMS***

**CLAIM I**

The following civil right has been violated:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

**E.  REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


_____          _____
      *(Date)*                                      *(Signature of Plaintiff)*